```
WARREN H. NELSON, JR.   #104744
A PROFESSIONAL CORPORATION
6161 El Cajon Boulevard, # 273
San Diego, CA 92115
Telephone:  (619) 269 4212
Facsimile:  (619) 501 7948
Email: nelson@rolando.sdcoxmail.com

Attorney for Defendant
STANDARD INSURANCE COMPANY
```

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RANDY R. MITCHELL D.D.S., <br><br> Plaintiff, <br><br> vs. <br><br> MINNESOTA LIFE INSURANCE CCOMPANY, STANDARD INSURANCE COMPANY, AND, DOES 1 through 10, inclusive, <br><br> Defendants. | Case No.: <br><br> DEFENDANT STANDARD INSURANCE COMPANY'S NOTICE OF REMOVAL |

    PLEASE TAKE NOTICE that defendant STANDARD INSURANCE COMPANY ("Standard") hereby removes to this Court the following action on file in the California Superior Court:

    1.   On September 26, 2007, the action, <u>Randy R. Mitchell D.D.S., Plaintiff, v. Minnesota Life Insurance Company, Standard Insurance Company, AND, DOES 1 through 10, inclusive, Defendants</u>, was filed in the Superior Court of California, County of Alameda, and assigned case No. VG07348221.

**SERVICE NOT YET COMPLETED**

2.  Standard has received an incomplete copy of the Complaint. Although service was attempted on October 15, 2007, Standard was **not** served with page 10 of the Complaint, which is the signature page of the Complaint. True and correct copies of the summons, the Complaint (missing the signature page, p. 10, which was not served), and all other material that Standard received on October 15, 2007 is collectively attached hereto as Exhibit A.

3.  Standard also received a copy of the summons and complaint by mail on October 19, 2007. Again, Standard did **not** receive page 10 of the Complaint, which is the signature page of the Complaint. True and correct copies of the material received by mail, the summons, the Complaint (missing the signature page, p. 10, which was not served), and all other material that Standard received by mail on October 19, 2007 is collectively attached hereto as Exhibit B.

4.  Defendant Minnesota Life Insurance Company ("Minnesota Life") also received an incomplete copy of the Complaint. Although service was attempted on October 24, 2007, Minnesota Life was **not** served with page 10 of the Complaint, which is the signature page of the Complaint. True and correct copies of the summons, the Complaint (missing the signature page, p. 10, which was not served), and all other material that Minnesota Life received on October 24, 2007 is collectively attached hereto as Exhibit C.

5.  Neither Standard nor Minnesota Life has as yet been served with a complete copy of the Complaint but Standard has

downloaded the missing page 10 from the website of the Superior Court of California, County of Alameda, and attaches hereto as Exhibit D a true and correct copy of that page, along with all other documents and pages downloaded from the file of the Superior Court that have not been served upon Standard or Minnesota Life.

## JURISDICTION—DIVERSITY OF CITIZENSHIP

6. Standard alleges that this Court has original jurisdiction over this matter pursuant to 28 U.S.C. section 1332, which is removable pursuant to 28 U.S.C. section 1441(b) based upon the complete diversity of citizenship of the parties to this action and that the amount in controversy exceeds $75,000.00, exclusive of interests and costs.

7. Minnesota Life is a Minnesota corporation with its principal place of business in Ramsey County, St. Paul, Minnesota. Plaintiff admits that Minnesota Life is a Minnesota corporation. Ex A-4 (Complaint and Jury Demand ¶ 6 p 2).

8. Standard is an Oregon corporation with its principal place of business in Multnomah County, Portland, Oregon. Plaintiff admits that Standard is an Oregon corporation. Ex A-4 (Complaint ¶ 7 p 2).

9. Standard has not been notified that any DOE defendant has been served and on that basis alleges that no DOE defendant has been served in this matter.

10. Plaintiff admits that at all relevant times he has been and is a resident of Alameda County, California. Ex A-4 (Complaint ¶ 5 p 2).

11. Thus, as between plaintiff and each defendant there exists complete diversity of citizenship, as neither Minnesota Life (Minnesota corporation with principal place of business in Minnesota) nor Standard (Oregon corporation with principal place of business in Oregon) has its principal place of business or is incorporated in California.

### JURISIDICTION—AMOUNT IN CONTROVERSY

12. The amount in controversy is in excess of $75,000.00, exclusive of interest and costs, as to each defendant. Although plaintiff alleges that Standard "confirmed" that it was the administrator of the policy at issue, which he claims was originally issued by Minnesota Life, and also alleges that Standard has "assumed" liability under the policy at issue Ex A -4 to A-5 (Complaint ¶¶ 8, 11), plaintiff alleges no variance in the alleged respective liability of Standard and Minnesota Life. Thus, in each of the two causes of action in the Complaint, plaintiff names both Standard and Minnesota Life, making no distinction of any kind as to the respective extent of alleged liability or culpability to him for alleged wrongdoing of either Standard or Minnesota Life. See Ex A-8, A-10 (Complaint, Heading Listing Defendants to First Cause of Action, p 6; Complaint, Heading Listing Defendants to Second Cause of Action, p 8).

13. This is an insurance "bad faith" action arising out of the denial of plaintiff's disability insurance benefits claim. See Ex A-3 to A-29 (Complaint, generally). Plaintiff seeks damages both in contract and in tort.

1    14.    **Contract Damages:**  Plaintiff has alleged that he became disabled on June 30, 2006. Ex A-5 (Complaint ¶ 12 p 3). Plaintiff further alleges that he has been entitled to $3000.00 a month in disability benefits following the expiration of a 30-day waiting period after onset of disability. Ex A-5 (Complaint ¶ 9 p 3).  Thus, from the end of the alleged 30-day waiting period following the alleged date of disability (June 30, 2006), i.e., from July 30, 2006 to the present, sixteen months have elapsed with contract (policy) damages of $3000.00 a month, according to the allegations of the Complaint. According to plaintiff's allegations, the total contract damages are now at least $48,000.00 (sixteen months @ $3000.00 a month = $48,000.00) and are increasing by $3000.00 per month.

15.    **Tort Damages:**  But in addition to $48,000.00 in current contract damages, plaintiff also simultaneously alleges entitlement to recover four additional, separate items of damage in tort--"other economic and consequential damages," "[g]eneral damages for mental and emotional distress," so-called "Brandt" damages (attorney fees and costs plaintiff incurs to recover policy benefits) and "[p]unitive and exemplary damages." Ex A-9 to A-10 (Complaint ¶¶ 28-32 pp 7-8, Prayer for Relief ¶¶ 1-4 p 9).  Standard is informed and believes and thereon alleges that, on its face, the request for punitive damages alone renders this action one in which the amount in controversy is several multiples in excess of $75,000.00.  When considered in conjunction with plaintiff's allegations of entitlement to economic and consequential damages, damages for emotional distress and "Brandt" damages, these allegations, again, on

their face, render this action one in which the amount in controversy is several multiples in excess of $75,000.00. Finally, Standard is informed and believes and thereon alleges that plaintiff currently claims entitlement to receive all contract benefits allegedly payable to him for the life of the policy at issue, a sum Standard estimates to be in excess of $350,000.00.

**JURISDICTION—COMMENT RE "FEDERAL QUESTION" JURISIDICTION**

16.   Standard does not know whether (and therefore does not currently assert that) the Employee Retirement Income Security Act, 29 U.S. C. sections 1001, et seq. ("ERISA"), governs the claim of plaintiff.  The policy at issue appears to be an individual policy issued to plaintiff that would generally be governed by the common and statutory law of the State of California as opposed to ERISA.  It is possible that, if plaintiff, who was allegedly a dentist, obtained or maintained the policy at issue through or incident to his employment or self-employment (or under some other applicable set of circumstances) that ERISA might govern this claim, and, if ERISA did govern this claim, it would be subject to "Federal Question" jurisdiction in this Court.  If Standard determines that ERISA governs this action, it will so advise plaintiff and this Court.

**ATTACHMENT OF GENERAL DENIAL FILED PRIOR TO REMOVAL**

17.   Standard files herewith as Exhibit E a true and correct copy of its and Minnesota Life's general denial and affirmative defenses that were served by mail on plaintiff and

--

--

1  filed in the Superior Court of California, County of Alameda,
2  prior to removal of this action.
3  Dated: November 12, 2007

```
                              ___/s/_____
                              WARREN H. NELSON, JR.
                              A PROFESSIONAL CORPORATION
                              6161 El Cajon Boulevard, # 273
                              San Diego, CA 92115

                              Attorney for Defendant
                              STANDARD INSURANCE COMPANY
```