MITCHELL v. MINNESOTA LIFE, ET AL.
ACTION NO. C07-05722 EMC ADR

DEFENDANT STANDARD INSURANCE COMPANY'S
NOTICE OF REMOVAL

EXHIBIT E

```
WARREN H. NELSON, JR.  #104744
A PROFESSIONAL CORPORATION
6161 El Cajon Boulevard, # 273
San Diego, CA 92115
Telephone:  (619) 269 4212
Facsimile:  (619) 501 7948
Email: nelson@rolando.sdcoxmail.com

Attorney for Defendants
STANDARD INSURANCE COMPANY and
MINNESOTA LIFE INSURANCE COMPANY
```

ENDORSED
FILED
ALAMEDA COUNTY

NOV 19 2007

CLERK OF THE SUPERIOR COURT
By _____
                    Deputy

SUPERIOR COURT OF CALIFORNIA

COUNTY OF ALAMEDA

| | |
|---|---|
| RANDY R. MITCHELL D.D.S., | Case No.: VG07348221 |
| Plaintiff, | GENERAL DENIAL AND AFFIRMATIVE DEFENSES OF DEFENDANTS STANDARD INSURANCE COMPANY AND MINNESOTA LIFE INSURANCE COMPANY |
| vs. | |
| MINNESOTA LIFE INSURANCE COMPANY, STANDARD INSURANCE COMPANY, AND, DOES 1 through 10, inclusive, | |
| | ASSIGNED FOR ALL PURPOSES TO JUDGE David Hunter |
| Defendants. | DEPARTMENT 520 |

Pursuant to Code of Civil Procedure section 431.30(d), defendants STANDARD INSURANCE COMPANY ("Standard") and MINNESOTA LIFE INSURANCE COMPANY (collectively, "defendants"), generally deny each and every allegation of plaintiff's unverified complaint and assert the following affirmative defenses:

FIRST DEFENSE

1.  The complaint and each claim for relief therein fails to state a claim upon which relief can be based.

--

E-99

DEFS' GENERAL DENIAL - VG07348221 - 1

## SECOND DEFENSE

2. Plaintiff's recovery is limited by the terms and conditions of the applicable policy or policies, including limitations upon and exclusions to coverage.

## THIRD DEFENSE

3. Plaintiff has waived any right to recovery under the terms and conditions of the applicable policy or policies.

## FOURTH DEFENSE

4. Plaintiff is estopped from seeking recovery on any policy or policies.

## FIFTH DEFENSE

5. Plaintiff's recovery is limited by the proportion of his fault for any of the damages requested.

## SIXTH DEFENSE

6. Plaintiff would receive a windfall and be unjustly enriched by any recovery on any policy or policies.

## SEVENTH DEFENSE

7. Plaintiff's recovery is limited by any failure to mitigate damages.

## EIGHTH DEFENSE

8. Performance of any duty owed to plaintiff under any policy has been excused by plaintiff's actions or inactions.

## NINTH DEFENSE

9. To the extent that there has been unreasonable delay, plaintiff's complaint and each cause of action or claim for relief therein is barred by the doctrine of laches.

--
--

E-100

TENTH DEFENSE

10. The complaint and each purported claim for relief or cause of action therein is barred by the applicable statutes of limitation, including but not limited to Code of Civil Procedure sections 335, 337, 338, 339, 340 and 343.

ELEVENTH DEFENSE

11. To the extent that plaintiff is guilty of unclean hands, his claims for relief and causes of action against Standard are barred.

TWELFTH DEFENSE

12. Any demand for attorney's fees should not be granted because the claim handling, claim decision and defenses asserted to this action are reasonable and have been made in good faith.

THIRTEENTH DEFENSE

13. To the extent that the provisions of ERISA govern this action, plaintiff's complaint, his common law causes of action and his claims for relief are preempted and cannot as a matter of law be maintained.

FOURTEENTH DEFENSE

14. To the extent that the provisions of ERISA govern this action, plaintiff has failed to exhaust his administrative remedies.

W H E R E F O R E, defendants respectfully request that:

1. Plaintiff take nothing by his complaint;
2. His complaint be dismissed with prejudice;
3. Defendants recover their costs and attorney fees against plaintiff to the fullest extent permitted by law; and,

E-101

4. The Court grant such other and further relief to defendants as in all the circumstances may be just.

Dated: November 12, 2007

*[signature: Warren H. Nelson]*

WARREN H. NELSON, JR.
A PROFESSIONAL CORPORATION
6161 El Cajon Boulevard, # 273
San Diego, CA 92115

Attorney for Defendants
STANDARD INSURANCE COMPANY and
MINNESOTA LIFE INSURANCE COMPANY

E-102

DOCKET No. VG07348221

<u>Mitchell v. Minnesota Life Insurance Company, et al.</u>

PROOF OF SERVICE BY MAIL

I, Warren H. Nelson, Jr., the undersigned, hereby certify and declare under penalty of perjury that I am over the age of 18 years and am not a party to this action. My business address is Warren H. Nelson, Jr., A Professional Corporation, 6161 El Cajon Blvd., # 273, San Diego, CA 92115, telephone (619) 269-4212, facsimile (619) 501-7948. On the 12th day of November 2007, I served a true copy of the foregoing document titled exactly:

GENERAL DENIAL AND AFFIRMATIVE DEFENSES OF DEFENDANTS STANDARD INSURANCE COMPANY AND MINNESOTA LIFE INSURANCE COMPANY

By placing it in an addressed sealed envelope with correct postage affixed thereto and personally depositing it/them in the United States mail. I addressed the mailing envelope to the following:

Michael B. Horrow, Esq.
Donahue & Horrow LLP
222 North Sepulveda Blvd., 20th Floor
El Segundo, CA 90245

I declare under penalty of perjury that the foregoing is true and correct. Executed this 12th day of November 2007 at San Diego, California.

_____
Warren H. Nelson, Jr.

E-103

DOCKET No. UNASSIGNED

<u>Mitchell v. Minnesota Life Insurance Company, et al.</u>

PROOF OF SERVICE BY MAIL

I, Warren H. Nelson, Jr., the undersigned, hereby certify and declare under penalty of perjury that I am over the age of 18 years and am not a party to this action. My business address is Warren H. Nelson, Jr., A Professional Corporation, 6161 El Cajon Blvd., # 273, San Diego, CA 92115, telephone (619) 269-4212, facsimile (619) 501-7948. On the 13th day of November 2007, I served a true copy of the foregoing document titled exactly:

DEFENDANT STANDARD INSURANCE COMPANY'S NOTICE OF REMOVAL

By placing it/ in an addressed sealed envelope with correct postage affixed thereto and personally depositing it in the United States mail. I addressed the mailing envelope to the following:

Michael B. Horrow, Esq.
Donahue & Horrow LLP
222 North Sepulveda Blvd., 20th Floor
El Segundo, CA 90245

I declare under penalty of perjury that the foregoing is true and correct. Executed this 13th day of November 2007 at Oakland, California.

_____
Warren H. Nelson, Jr.